# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

IN RE:                                              CASE NO. 14-33895

**Thomas Paul Newton, Jr.**                         Chapter 13

                                                    **JUDGE** Successor Judge

**DEBTOR,**

## ORIGINAL CHAPTER 13 PLAN

**YOUR RIGHTS WILL BE AFFECTED.** You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

**NOTE:** The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors.

### A. PAYMENTS

**A(1). Plan Payments.**

The future earnings or other future income of the Debtor are submitted to supervision and control of the Trustee. The Debtor shall pay the Trustee the sum of $165.00 per month for a period not to exceed sixty (60) months. The Debtor shall turnover all Federal and State income tax refunds during the pendency of the plan, beginning with the refund received in 2015, if any. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a

From the payments received, the Trustee will make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. The Trustee is authorized within his discretion to calculate the amount and timing of distributions as is administratively efficient.

### A(2).  Administrative Expenses, Attorney Fees, and Priority Payments.

Administrative expenses, attorney fees, and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total attorney fee for services is $2,500.00. Debtor's attorney received $1,000.00 prior to the Petition Date. **The Debtor shall pay the balance of $1,500 to Debtor's attorney within the plan.** Fees for independent appraisals of real estate will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim.

### B. CLASS 1 – CLAIMS SECURED BY REAL PROPERTY

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

### B(1).  Mortgage Payments Outside Plan.

Regular monthly payments on the following mortgage claims will be paid directly by Debtor.

| Creditor | Property Address | Approximate Arrearage |
|---|---|---|
| First Federal Savings & Loan | 907 Frothingham St., Van Wert, OH 45891 | None |

### B(2).  Conduit Mortgage Payments. None

### B(3).  Liens and/or Mortgages to be Paid as Unsecured Claims. None.

### B(4).  Property to be Surrendered. None.

### C. CLASS 2 – CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES

### C(1).  Lien Retention and Interest.

All secured creditors secured by only a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of 7%.

### C(2).

(a) The collateral described below shall be surrendered to the secured creditor and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim.

| Creditor | Property Address |
|---|---|
| Santander Consumer USA | 2011 Chrysler Sebring |

(b) Debtor shall surrender all other property secured by an enforceable purchase money security interest and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim.

### C(3). Executory Contracts and Vehicle Leases. None

**NOTE:** If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

## D. CLASS 3 – PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS

### D(1). Priority Claims.

Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

### D(2). Domestic Support Obligations. None.

## E. CLASS 4 – SECURED CLAIMS NOT OTHERWISE DESIGNATED. None.

## F. CLASS 5 – GENERAL UNSECURED CLAIMS

### F(1). Unsecured Dividend.
After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend of **5%**.

### F(2). Solvency.

If this is a solvent estate, all general unsecured claims shall be paid in full with interest at __NA this is not a solvent estate__ % unless otherwise provided.

**Debtor**

/s/ Thomas Paul Newton, Jr.
_____
Thomas Paul Newton, Jr.

Dated: October 24, 2014.

14-33895-ssj    Doc 5    FILED 10/27/14    ENTERED 10/27/14 09:25:57    Page 3 of 3